**FILED**

FEB 1 6 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
IN THE DISTRICT OF COLUMBIA

IRVIN DAVIDSON,
    Plaintiff,
40 PLEASANT RIDGE DR.
NEW HEMPSTEAD, NY 10977

v.

INTERNAL REVENUE SERVICE,
    Defendant.

CASE NUMBER 1:06CV00288

JUDGE: Gladys Kessler

DECK TYPE: FOIA/Privacy Act COMPLAINT

DATE STAMP: 02/16/2006

Irvin Davidson, pro se, for his Complaint alleges as follows:

1. This is a civil action brought against the Internal Revenue Service ("IRS") under the Freedom of Information Act (FOIA) 5 USC §552 and the Privacy Act (PA) 5 USC §552a [5USC§582a], to enjoin the Internal Revenue Service from withholding documents, records, and information to which Plaintiff is entitled, and to compel production of those documents, records, and information forthwith to the Plaintiff.

## JURISDICTION AND VENUE

2. This court has jurisdiction and venue lies in this District pursuant to 5 USC §552 and 5 USC §552a. Those statutes provide, inter alia, "On Complaint, the district court of the United States ... or in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the Complainant." (5 USC §552(4)(B) (a) and §552a (g)(3)(A); (g)(3)(B); (g)(1)(A); (g)(1)(B)). Furthermore, 5 USC §552a (g)(1) states: -

-1-

"whenever an agency ...
(B) refuses to comply with an individual request under subsection (d)(1) of this section.
(D) fails to comply with any other provision of this section or any rule promulgated thereunder, in such a way as to have an adverse affect on an individual, the individual may bring a civil action against the agency, and the district courts of the United States shall have jurisdiction in the matter under the provisions of this subsection."

## OBLIGATIONS OF THE IRS

3. The IRS, being an agency within the FOIA and PA, under the terms of both the FOIA and PA, have obligations to provide the requestor the documents sought in a prompt and timely fashion, unless the subject matter lies under one of the exceptions set forth in the FOIA and PA. No claim has been made by the IRS the Plaintiff is not entitled to such information and records requested. 5 USC §552(a)(3) provides that an agency:

> " ... upon any request for records which (A) reasonably describes such records and (B) is made in accordance with published rules stating the time, place, fees (if any) and procedures to be followed, shall make the records promptly available to any person."

5 USC §552a(1)(d) provides:

> "Each agency that maintains a system of records shall -
> (1) upon request by any individual to gain access to his record or any information pertaining to him which is contained in the system, permit him .... to review the records and have a copy made of all or any portion thereof in a form comprehensible to him.
>
> (2)(A) no later than 10 days (excluding Saturdays, Sundays, and legal public holidays) after the date of receipt of such request, acknowledge or writing such receipt.

-2-

## THE BREACHES OF THE IRS OF THEIR OBLIGATIONS UNDER FOIA/PA

4.   As detailed in the accompanying Affidavit and attached Exhibits, the Plaintiff and his Attorneys <u>for 5 years</u> have been endeavoring to obtain documentation, records, and information concerning the Complainant concerning the years 1994, 1995, 1996 which the IRS has.  Plaintiff seeks records in particular in connection with a complaint made to the IRS in Texas in June or July 1994 by Klaus Tschacher of J&T Financial Partners (J&T) regarding a transaction between J&T and Irvin Davidson/Investco Ltd.

5.   The initial request to the IRS under FOIA/PA was made in or about January 2000.  Despite several additional requests, no reply or even acknowledgment was made by the IRS until a communication was received by Complainant's Attorney in September 2002 requesting a Power of Attorney.

6.   Since that time, the only communications from the IRS have been to refer matters from Texas to Washington to New York to Texas. No substantive reply responsive to a very simple straight forward request has ever been received.

7.   The Plaintiff was the subject of a prosecution brought by the IRS, New York.  The Investigating Agent was Ann Paradiso.  At trial (apparently based upon Paradiso's claims) the Government made an open court representation that the FBI file pertaining to the matter had been "routinely destroyed" and the IRS had no record of any communication from the Complainant.

8. FOIA/PA requests were made to both the FBI and IRS. The FBI provided a file on the matter which contained:

(a) exculpatory documentation such as the FBI investigating agents conclusion that there had been a failure to provide "any evidence indicating criminal behavior by Mr. Davidson" and recommending the case to be closed - which it was.

(b) crucial documentation the Government's witness claimed "never" to have seen - which had been provided to the FBI by him or his partner.

(c) copies of correspondence between Plaintiff and the IRS, Texas and Klaus Tschacher/J&T and the IRS indicating a complaint by Tschacher/J&T to IRS, Texas and the ongoing communications between Tschacher/J&T and the IRS, Texas.

All the above demolished and gave the lie to the Government's claim the file had been totally destroyed. Indeed the Government subsequently admitted Paradiso received part of the "destroyed" file.

9. As detailed in the attached affidavit the IRS have never responded adequately to numerous FOIA/PA requests - despite the Government's undertaking a full responsive reply would be forthcoming.

10. During part of the Plaintiff's quest, the IRS, Texas indicated Paradiso had been sent the file.

11. It appears indisputable that such documents being the subject matter of Plaintiff's requests, exists.

12. The IRS has cynically and egregiously flouted and breached the provisions of the FOIA and PA  5 USC §552 and 5 USC §552a and 5 USC §582a and

-4-

failed to provide Plaintiff with the documents, records, and information legitimately sought.

12a. In view of the inordinate amount of time that has elapsed since the first request was made, and that proceedings to obtain a new trial are pending, an expedited lawsuit is respectfully requested.

### PRAYER FOR RELIEF

13. WHEREFORE, Plaintiff requests that judgment be entered in his favor and against Defendant as follows:

(a) An Order enjoining Defendant from withholding documents, records, and information to which Plaintiff is entitled regarding Plaintiff's tax and related affairs in 1994, 1995, and 1996 particularly regarding a transaction involving Irvin Davidson/Investco Ltd. and Klaus Tschacer/J&T Financial Partners.

(b) An Order compelling Defendant to produce to Plaintiff within 7 days, all documents, records, and information regarding Plaintiff's tax and related affairs in 1994, 1995, and 1996, particularly regarding a transaction involving Irvin Davidson/Investco Ltd. and Klaus Tschacher/J&T Financial Partners.

(c) An Order requiring the IRS, (in the event the IRS claims they have no such records, documents, or information), to provide a written statement in clear and unambiguous terms stating

(1) whether any such documents, records, and information as described in 13(a) and (b) of this Complaint ever existed at any time and where they were held.

(2) what happened to the said documents, records, and information specifically stating to whom they were sent and when.

(3) what disposition was made of the said documents, records, and information by whom, why, and when.

(d) An expedited lawsuit pursuant to 28 USC §1657

(d) Sanctions

(e) Costs

(f) Such other and further relief as the Honorable Court deems just and equitable.

Respectfully Submitted,

Dated 21 February 2005

I. Davidson, IMWI
c/o 40 Pleasant Ridge Dr.
New Hempstead, NY 10977

## AFFIDAVIT

I, Irvin Davidson, solemnly affirm and say I make this Affidavit in support of my Motion to Compel the IRS to produce documents further to my FOIA requests ~~in 1999~~.

1. Further to the open court representations of the Government in 1999 that my FBI file had been "routinely destroyed" and that the IRS had "no record" of my letter to IRS, Texas being received (even though it had been sent by facsimile with a telephone bill confirmation) (ID Exhibits 1 and 2). I made Freedom of Information Act and Privacy Act (FOIA/PA) requests to both FBI and IRS in or about January 2000. No response or acknowledgment was received.

2. I repeated my request in 2001. No response or acknowledgment was received from the IRS. The FBI replied confirming there was information pertaining to my request. Ultimately they provided the entire file, demolishing and putting the lie to the Government's claim that it had been destroyed.

3. The FBI file in addition to exculpatory material such as the investigating agent's conclusion no evidence of any crime had been provided - resulting in the case being closed - and the discovery of documents vital to my case, also included copies of correspondence between the complainant (to whom the FBI imputed dishonest behavior) and the IRS (ID Ex. 3, 4, 5, 6) thus clearly indicating the presence of some investigatory file.

4. On 24 January 2002 I wrote yet again to the IRS requesting information under FOIA (ID Ex. 7). No response or acknowledgment was received.

-1-

06 0288  FILED

FEB 16 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

5. On 4 September, 2002 my Attorney Maurice Sercarz requested the information from the IRS (ID Ex. 8). The IRS responded to him on 13 September 2002 requesting a Power of Attorney (ID Ex. 9).

6. On 19 September, 2002, I wrote to P. Williams, the IRS Disclosure Officer, requesting the information (ID Ex. 10). No response was received.

7. On 20 September, 2002, I forwarded my Power of Attorney to IRS, Texas (ID Ex. 11). No respsonse was received.

8. On 2 October 2002, I wrote yet again to IRS Agent Williams asking for the information. (ID Ex. 11a)

9. On information and belief Attorney Sercarz' office made several phone calls to the IRS Texas inquiring about the FOIA request.

10. In October 2002 I wrote yet again to Williams of the IRS enclosing copies of J&T's Complaint to the IRS, the IRS reply to J&T, and my letter to the IRS in 1994. No response was received.

11. On 17 October 2002, the IRS wrote to Mr. Sercarz directing his inquiries to the IRS National Disclosure Office in Washington, DC (ID Ex. 12).

12. In February 2003 on information and belief, P. Williams of the IRS, Texas confirmed by phone the file was sent to Ann Paradiso IRS Agent New York for onward transmission to Washington DC.

13. In February 2003, on information and belief, IRS Agent Williams confirmed telephonically to Attorney Sercarz that files were sent to Washington DC but refused to identify the recipient.

14. On 11 March 2003 I wrote to P. Williams, yet again, at the IRS, Texas. (ID Ex. 13). No response was received.

15. On 11 March 2003, I wrote to the IRS National Disclosure Office (ID Ex. 14). A phone call was received by Attorney Sercarz' office from a M. Sepporo (phonetic) indicating a "case officer" would be appointed.

16. During March and April, on information and belief, several phone calls were made to M. Sepporo requesting name of the "case officer". Ultimately, the name of Sharon Baker was presented.

17. During April and May 2003, on information and belief, several phone calls were made to Sharon Baker and messages left. No return calls were made.

18. On the 1st May 2003, Attorney Sercarz wrote to Judge Colleen McMahon in connection with my new trial motion requesting discovery of my files (ID Ex. 15).

19. The Government, on information and belief, responded to that letter, indicating there was a misunderstanding between IRS Agent Williams and Sercarz, but undertaking to search for "non-FOIA" files. This was not my request.

20. On 21st May 2003, in response to my letter of March 2003 Sharon Baker of Washington DC referred the matter to Manhattan Disclosure Office (ID Ex. 16).

21. On 27 May 2003 I wrote to the IRS Disclosure Office in Manhattan, NY enclosing copies of my correspondence with the IRS National Disclosure Office (ID Ex. 17)

22. On 1st July 2003 the Government wrote to Sercarz with reference to "non-FOIA" files. (ID Ex. 18).

23. On 26 August, 2003 I received a letter from IRS, Manhattan, NY simply referring to my new trial court date. No substantive response was given (ID Ex. 19).

24. During September and October 2003, on information and belief, conversations regarding my FOIA requests ensued between my counsel and Barry Jonas of the Tax Division of the Department of Justice.

25. On 25 November 2003, Barry Jonas of the Tax Division of the DOJ wrote saying there was, in essence, no discoverable material under criminal prosecution standards, but seeing that his information was derived from the IRS, the IRS would write confirming the terms of this letter (ID Ex. 20).

26. On 2 December 2003 letters were received from IRS Texas and IRS New York (ID Ex. 21,22).

To the extent either of those letters is intelligible, they were wholly unresponsive to my FOIA requests (purporting to address exculpatory matters).

27. On 4 December 2003 Brian Linder, my attorney wrote to AUSA Guss complaining of the insufficiency of the IRS' reply (pp. 3,4 of letter) (ID Ex. 23).

28. On 11 and 12 December 2003 letters were received from IRS Manhattan and IRS Austin which were equally non-responsive (ID Ex. 24,25).

29. On 16 December 2003 in the context of my new trial motion the District Court in Westchester, NY indicated it would consider an order to show cause for IRS to produce relevant information.

30. On 7 June 2004 I again wrote to the IRS, Manhattan. No reply was received.

31. As of the time of signature of this affidavit I have received no substantive response to my 5 year FOIA request from the IRS.

The above statements are true to the best of my knowledge and belief. I am aware that any false statement if deliberately made, may subject me to the penalties of perjury.

Signed this 23 day of February, 2005.

Irvin Davidson

WALTER T. BIEDERBECK
NOTARY PUBLIC OF NEW JERSEY
MY COMMISSION EXPIRES FEB. 28, 2008

-5-