

Ex.1

o Ltd.

## COVER SHEET:

NUMBER OF PAGES (COVER PAGE INCLUSIVE) _____ 5

DATE: _____ 19 July 1994

TO: _____ IRS, CRIMINAL INVESTIG. DIV.

ATN: _____ b7C

FAX NO: _____ 512- _____ STOP 9000

FROM: _____ INVESTCO LTD

SPECIAL NOTE: _____
_____
_____
_____
_____
_____

Head Office P O Box N 8865 Nassau, Bahamas

06 0288

FILED

FEB 1 6 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# Investco Ltd.

---

Mr. John W. Hitchcock, Chief
Criminal Investigation Division
Internal Revenue Service
Austin Compliance Center
P.O. Box 1465, STOP 9001 AUCC
Austin, Texas 78767                    July 19, 1994

Dear Sir,

We have been sent a copy of a letter by Mr. Klaus Tschacher of J&T Financial Partners, 12118 Briar Forest, Houston, TX 77077, addressed to yourselves and also the FBI, Secret Service and various other Government Agencies. Mr. Tschacher for some time has been threatening this company and one of its Officers (Mr. Davidson) with the making of a criminal complaint in respect of matters to be described below. Mr. Tschacher also sent us a copy of a letter dated July 12, 1994 purportedly sent by you to him, the genuiness of which we query in view of certain apparent internal inconsistencies in that letter. A copy of the same is hereby forwarded for your perusal.

The facts of the matter are these. On or about April 7, 1994, this Company entered into an agreement, subject to Dutch Law and the Courts of the Netherlands, with J&T Financial Partners (J&T) through its European office in Germany managed by Mr. G.A. Joschko. That Contract, inter alia, called for the provision by J&T of 10 Year Notes issued by one of the Top 30 European Banks carrying an Annual Coupon of 7.5% at a price of 79% of face. The total face value of this Bank Paper was to be US $100,000,000. It was further provided for that the transaction would be "rolled over" on a regular basis.

In view of the fact that we have been inundated by offers of Prime Bank Guarantees and Letters of Credit over the last couple of years at extraordinary high yields, none of which have ever proved to be genuine, and have expended substantial dollars in the said exercise, we took a very sceptical view of the likelihood of success. Our scepticism was further compounded by several contradictions and anomalies (not to say technical impossibilities) in the paperwork leading up to the final contract. The signed agreement which was drafted by J&T contained a provision that a $250,000 Performance Bond be placed with us which was forfeitable in the event J&T failed to comply with their contractual obligations. This sum was paid to our account in the Bahamas through Swiss Bank Corporation. This Corporation is not a U.S. entity and has not transacted business in the U.S.A.

Head Office P O Box N 8865, Nassau, Bahamas

Page 2 - Internal Revenue Service

On or about April 28, 1994 J&T provided us with Banking coordinates to where we could confirm through a Bank our willingness and ability to purchase these Prime Bank Instruments providing that we were furnished with satisfactory and acceptable CUSIP Numbers and other evidence of authenticity. This evidence was supposed to be furnished by Barclay's Bank London. The coordinates provided to us by J&T were for our funds to be remitted to Hampshire Trust Ltd. for credit to Gulf Atlantic Industries. We have never had any connection or discussion with either of the two latter parties.

On or about May 5, 1994, we caused a Swift Message to be sent to Barclay's Bank as per the coordinates given to us by J&T requesting the information required for us to verify and authenticate the instruments. No such evidence has ever been forthcoming.

Initially, J&T professed satisfaction with the SWIFT Message sent (a copy of which was transmitted to them) Subsequently Mr. Joschko with whom we had been dealing all along indicated that the Bank sending the message was not large enough. We pointed out that at this stage: (1) We had complied with our contractual requirements (2) In any event all we were seeking at this stage was evidence of the availability of the Bank Paper (3) we would be paying for the Paper, after receipt of such evidence before it was physically delivered to us. Mr. Joschko then proposed several alternative courses of action including selling Letters of Credit instead of Prime Bank Notes. We will not at this point trouble you with the detailed correspondence.

Suffice it to say that we offered to re-transmit the SWIFT from a major Bank providing Barclay's Bank would confirm that it was involved, even if only as co-ordinators, in the transaction. This simply produced a stream of invective. In fact our research demonstrated that Gulf Atlantic/Hampshire Trust had been involved in several unsuccessful attempts to sell this type of paper and, moreover Barclay's Bank indicated that not only were they unaware of their Clients (Gulf Atlantic Industries / Hampshire Trust) ever having completed a transaction of the nature of that being contemplated, but were very clear that they, Barclay's, were most certainly NOT involved in the transaction.

At that point the following was eminently clear:-
(1) We had complied with our Contractual obligations.

(2) J&T in six weeks had been unable to demonstrate the slightest scintilla of evidence the offered Bank paper existed in contravention of their contractual obligations.

Page 3 - Internal Revenue


(3) J&T had further introduced a party/parties into the transaction, namely Gulf Atlantic Industries and Hampshire Trust Ltd. with whom we had no connection or dealings, let alone a Contract, and whose history, at least in respect of this type of matter seemed to leave much to be desired.

(4) Barclay's Bank who ostensibly were to provide the CUSIP and registration numbers of the paper being offered to us had no involvement in or knowledge of the transaction and were unable to indicate that their Clients had ever successfully completed such a matter.

Under the circumstances it would appear that J&T (and possibly their associates Gulf Atlantic and Hampshire Trust, who we believe are US entities) were endeavoring to sell us for $79 million Prime Bank Paper which simply did not exist. Under the circumstances, and on advice, we have elected for the time being not to return the Performance Bond; although it should be forfeited under the terms and conditions of our Agreement, we are still, however, quite prepared to purchase the paper and return the Bond on completion of that transaction, as originally anticipated.

Far from being the perpetrators of an illegal act it would certainly appear to us that we were the intended victims. Mr. Joschko and Mr. Tschacher were trying to sell us non-existent paper. May we respectfully draw to your attention the Inter-agency advisory dated October 21, 1993 headed "WARNING CONCERNING 'PRIME BANK' NOTES, GUARANTEES, AND LETTERS OF CREDIT AND SIMILAR FINANCIAL INSTRUMENTS" distributed by The Board of Governors of the Federal Reserve System, Federal Deposit Insurance Corporation, National Credit Union Administration, Office of the Comptroller of the Currency and Office of Thrift Supervision and also the IMF Newsbrief No. 94/11 dated May 13, 1994 which seem to deal with the attempted fraud of Messrs. Joschko and Tschacher head on.

We have offered several times to purchase the offered Bank Paper from J&T but they have not been able to demonstrate its existence let alone deliver the securities. They now seem to have reverted to a classic case of "sour grapes".

We very much doubt if J&T have provided you with all the paper work and therefore if we can be of any further assistance kindly advise us accordingly.

Yours sincerely,

~I. Thompson Ltd Chairman

cc:  FBI, Secret Service
     etc., encs.

ID
Ex. 2





AT&T

Account number
Billing date
AT&T

Page 2

AT&T Invoice Charges For Period Ending AUG 18, 1994

Thank you for using AT&T

**Monthly service charge**

1. AT&T TrueWorld (SM) Savings
   AUG 18 thru SEP 17

                                                                              3.00
                                                                      Total    3.00

Taxes & Subject to Federal

**Itemized calls**

**Directly dialed**

| Date | Place called | Number called | Time | Rate | Min. | Amount |
|---|---|---|---|---|---|---|
| JUL 20 | HOUSTON TX | 713 988-5093 | 03:30 PM < | DAY | 6 | 1.62 |
| JUL 20 | HOUSTON TX | 713 773-7731 | 04:09 PM < | DAY | 1 | .27 |
| JUL 20 | AUSTIN TX | 512 462-7438 | 04:13 PM < | DAY | 2 | .54 |
| JUL 20 | AUSTIN TX | 512 462-7438 | 04:20 PM < | DAY | 5 | 1.35 |

06 0288

FILED

FEB 1 6 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ID
Ex 3

_, & _ Financial Partners, Inc.
12118 Briar Forest
Houston, Texas 77077, USA
Tel (713) 493-1020
Fax (713) 493-5605

Managing Director — Europe
G A Joschko
General Manager — USA
Klaus Tschacher

cc: Irvin Davidson                    June 7, 1994

Internal Revenue Service
Criminal Investigation Division
P.O. Box 1465
Stop 9001 – AUCC
Austin, TX 78767

Gentlemen,
the attached documentation gives you
an audit trail as to how an error made
by Texas Commerce Bank in the amount
of $250,000 has now turned into a
criminal fraud situation, conspiracy
and potential wire fraud and grand theft.
We request your organization to conduct
a full federal investigation into the
activities of Irvin Davidson (address +
phone numbers are included). He has since
transferred our funds to Atlantic Bank
of Commerce in the Bahamas even though
he is the one who defaulted on an
international securities contract.
Other federal agencies have been requested
to conduct criminal investigations.

Attachments                          Sincerely,
cc: FBI                              Klaus Tschac[..]

06 028

**FILED**

FEB 1 6 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

(121)

D

Ex 4

Internal Revenue Service
Austin Compliance Center
P.O. Box 1465, STOP 9001 AUCC          Date: July 12, 1994
Austin, Texas  78767                   Refer to:

Houston, TX 77077

Dear                                                                    b7C

    Thank you for your information of July 7, 1994.
We will attend to the matter you wrote about.  The law does not
permit the Internal Revenue Service to release information about
tax examinations, except to certain authorized persons.  For this
reason, we cannot advise you of any action that may be taken.

                    Sincerely,                          b7C

                    Criminal Investigation Division

            confirmation that Davidson
            is being investgated now.
            I am confident that the federal
            authorities will eventually catch
            up with him and put him away.

b7C

b7C

CC :                              b7C              06 0288

    Irvin Davidson

FILED

FEB 1 6 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ID
Ex 5

*Irvin Davidson*

al Partners, Inc.

'7, USA

Managing Director — Europe
G. A. Joschko
General Manager — USA'
Klaus Tschachor

Tel (713) ...
Fax (713) 493-5605

DATE: 8-4-94

b7C

No. Pages:

TO: IMF External Relations Deptment

FROM:

SUBJECT: Prime Bank Instruments Froud

COMMENTS:

Gentlemen,

I have recently seen a report on this subject matter issued by the ICC Commercial Crime Bureau. Our company has been defrauded by an individual in New York as the attached letter to the FBI, Secret Service, and CID outlines.

We respectfully request a copy of this report or any assistance you can provide.

Many thanks,

b7C

b7C

CC:

— FBI /Houston
Secret Service /Houston
IRS-CID /Austin

06 0288

FILED

FEB 1 6 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

D

Ex 6

...ers, inc.

Managing Director — Europe
G. A. Joschko
General Manager — USA
Klaus Tschacher

b7C          DATE: 9-12-94

No. Pages: 1

TO:

FROM:                    FBI

SUBJECT: Davidson - $250,000 Theft

COMMENTS:

Dear                b7C                          b7C

please expand your investigation
concerning Trivia Davidson to include
_____ We have
received information which suggests
that she is providing cover for this
dirty work and criminal activities
as all assets are listed in her name.
He officially does not exist.

Thank you for your cooperation,

b7C

CC:

79B-HO 40115-7

CID/IRS

b7C

FBI — HOUSTON

06 0288

FILED

FEB 1 6 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

D

Ex 7

<u>FREEDOM OF INFORMATION REQUEST</u>

24 Jan 2002

Third Request

N DAVIDSON

To compliance Section
washington D.C.

I.R.S. Criminal Investigation
Div.
Austin, Texas

Re: Any and all information pertaining to any criminal investigation
of my affairs, particularly any correspondence ~~from~~ between the I.E.S.
and myself, Klaus Tschacher or J.&T. Inc. Houston, Texas, Norman Feinstein,
Gary Redish, Riker, Danzig etc. Attorneys in New Jersey and the corespondence between
Pursuant to Title 5 USC and any other relevant provision of your the IRS and
agency's regulations covering access to the right of freedom of law
information, I hereby identify myself as:
enforcement agency.

IRVIN DAVIDSON
2, FIELDCREST DRIVE, MONSEY, N.Y. 10952

I make this request for any and all materials for the entire cen-
tral file that your agency and any other agency(s) under your
supervison, as may be referred to below, has compiled to date,
or other branches thereof under your supervison may have desig-
nated in this file or any portion thereof, and the reason for each
designation, and the name of the person and his or her title
requesting same.

I would like for this request to be fulfilled and completed as
soon as time permits, pursuant to section (d), paragraph (1) of
the Privacy Act of 1974. I would also like to have a copy of the
applicable regulations of your agency(s) as may be provided for
by the Freedom of Information Act so that I may adhere to the
approved rules and  regulations for your agency(s)

As you know, investigation records compiled for law enforcement
agencies are no longer generally exempted from disclosure, but may
be inspected <u>in camera</u> by the U.S. Courts to determine whether
they fall within any of the six specified accepted categories of
investigations records subscribed in the Act.

If, for any reason, it is determined that portions of the
materials requested are exempted under some recognizable category
under the Freedom of Information Act, or the Privacy Act of 1974,
then I request that any such exempted materials be indexed and
itemized with detailed justification for any exclusion made under

06 0288

FILED

FEB 1 6 2006

NANCY MAYER WHITTINGTON, CLER
U.S. DISTRICT COURT




## LAW OFFICES OF

# MAURICE H. SERCARZ

260 Madison Avenue, 20th Floor
New York, New York 10016
(212) 679-1777
FAX (212) 679-2905

MAURICE H. SERCARZ*                                    DEBORAH A. SCHWARTZ
                                                           OF COUNSEL
———
*ADMITTED IN NY & NJ

September 4, 2002

Internal Revenue Service
Criminal Investigation Division
3651 S. Inter-Regional Highway
Austin, Texas 73301

Re:    *Irvin Davidson*

Dear Sir or Madam:

On January 24, 2002, Mr. Davidson made a third request for information pursuant to the Freedom of Information Act with your office. The request called for all responsive documents to be forwarded to Davidson's attorney, Gerald L. Shargel, Esq.

I am writing to advise that I have been substituted as counsel for Mr. Shargel. All material should now be forwarded to the above address. Moreover, in view of the fact that Mr. Davidson has apparently made three requests for this information, the last one taking place more than six months ago, we would request a prompt response indicating the status of this matter.

Very truly yours,

Maurice H. Sercarz

MHS:vmp
Encl.

cc: Irvin Davidson

**06 0288**

**FILED**

FEB 1 6 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT



ID

Ex 9

DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
WASHINGTON. D.C. 20224

SEP 1 3 2002

Maurice H. Sercarz
260 Madison Avenue, 20th Floor
New York, NY 10016

RE: Irvin Davidson

Dear Mr. Sercarz:

This letter is in response to your Freedom of Information Act request dated September 4, 2002, which was received in my office September 9, 2002.

Based on the attachment to your correspondence, the previous requests sent in reference to Irvin Davidson, were not addressed to the Austin Campus Disclosure Office. If you would like for this office to assist you, there are certain criteria you should meet for your request to be a valid FIOA. There must be a valid Power of Attorney on file or attached to the request before any return or return information may be released. There was no Social Security Number supplied to check for a Power of Attorney or any other information. You must specify what records you wish to receive by tax year and describe the records in sufficient detail necessary for us to conduct a proper search. ·

For further information, please contact Patricia Williams, Disclosure Specialist, ID number 18-02366, 512-460-4433 or fax 512-460-4437, Internal Revenue Service, Austin Campus Disclosure Office, PO Box 2986, Mail Stop 7000 AUSC, Austin, TX 78768. Please refer to case number 18-2002-02538.

Sincerely,

Stephanie K. Young
18-02241
Disclosure Officer
Austin Campus

06 0288

FILED

FEB 1 6 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ID

Ex 10

s 18-02366
ia list
Dis closure Office,

PO Box 7000
Ref 82624054
Fort Dix
N Jersey 08640
19 Sept. '02

ADSC,
Austin,
Texas, 78768

Dear Miss Williams:

### Freedom of Information Act Privacy Act (1974).

I write to you further to the letter sent by Stephanie Young 18-02241 of your agency to my attorney, Maurice Sercarz, Esq, 260, Madison Avenue, New York, N.Y. 10016, and my three separate requests for information to which I am entitled under the aforementioned statutes, none of which have been responded to.

Please accept this letter as my formal authority to furnish to Mr. Sercarz any and all information in your possession concerning my affairs, with particular reference to a complaint to Mr. Hitchcock of the Austin IRS, CID, by Klaus Tschacher of Jx T Partners on 7 July, 1994 to which your agency (CID) replied on 12, July 1994.

I enclose the first page of my third FOIA request to you of 24th January, 2002. I am unable to supply you with a Social Security number since I am a British citizen, born 1st July '48. However, you should have no difficulty in locating the records.

06 0288

In view of the fact that over 2 years have elapsed since my original request, I would be obliged if you would expedite the matter and furnish the information to my attorney forthwith.

Yours sincerely,

IRVIN DAVIDSON

cc. M. Sercarz
Esq.

FILED

FEB 1 6 2006

NANCY MAYER WHITTINGTON, CL
U.S. DISTRICT COURT





## POWER OF ATTORNEY

September ~~ 2002

Department of the Treasury
Internal Revenue Service

     Re:  Irvin Davidson, S.S.# _D.o.S. ( July '48_

To Whom It May Concern:

    I hereby authorize my attorney, MAURICE H. SERCARZ, to correspond with
your office regarding my pending Freedom of Information Act request. *c previous requests LD.*

        Very truly yours,

        Irvin Davidson

Sworn to before me this
  ~~ day of September, 2002

NOTARY PUBLIC

MARGARET ELIZABETH BRESCIO
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 6/30/2006

**06 0288**

# FILED

FEB 1 6 2006

NANCY MAYER WHITTINGTON, CLE
U.S. DISTRICT COURT

Ex 11a

isclose Specialist,

isclose Office,

40, Pleasant Ridge Rd.,
New Hempstead,
New York. 10977

2 October, '02

Dear Miss Williams,

Re: <u>FOIA - Privacy Act Requests</u>
<u>Case N°. T8-2002-02538</u>

I refer to my 3 previous requests to the IRS, Austin for information to which I am entitled under the Freedom of Information and Privacy Acts, as well as my 2 communications (a letter and Power of Attorney) to you of August, 2002.

I understand from my attorney, Mr. Sercarz, that you will not recognise the Power of Attorney I sent you, since it contains no social security number. Since I am neither an American citizen nor resident alien, I do not have a social security number. However, I am told you will provide me the information I seek as the requestor and subject of the request. This is what I have been asking for 2t years and, indeed, is the gist of my letter to you.

Would you be so good, therefore, to send to ME the information I request. I would prefer if you would send it to my attorney Maurice Sercarz, Esq., 260, Madison Ave., (20 Floor) New York, N.Y. 10016. However, if you decline to do so, please send it to my home at the above address.

To assist you, I repeat the information which I require. Any correspondence, communication or documentation concerning my personal affairs in 1994 or 1995. In particular any documentation concerning a transaction involving Jü 1

wrote to the IRS, Austin in July 7th 1994 and received correspondence from them starting July 12, 1994. I.R.S, C.I.D. Austin

I also recall writing to Mr J Hitchcock of the Austin IRS, Criminal Investigation division on 19 July '94. This letter was on Investco Ltd notepaper.

Therefore please concentrate on the period June 1994 — August 1995. I have been requesting this information for over 2 years; my FOIA requests to other Government agencies have been complied with long ago. I would be most grateful for your urgent attention to this matter.

Thanking you for your co-operation,

Yours sincerely,

IRVIN DAVIDSON

LUIS R. REYES, JR.
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires July 14, 2003

OCT 0 3 2002



Ex 12

DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

OCT 1 7 2002

Marice H. Sercarz
260 Madison Avenue, 20th FL.
New York, NY 10016

Re: Irvin Davidson

Dear Mr. Sercarz:

This is in further response to your Freedom of Information Act (FOIA) request dated September 4, 2002.

In researching for information on Irvin Davidson, we found that there were no records in the Austin Campus. The records to the extent they exist are in the jurisdiction of the National Disclosure Office. Therefore, your request should be addressed to the following location:

Internal Revenue Service
National Disclosure Office
111 Constitution Avenue, NW
Washington, D.C. 20224

This is my final response to this request.

For further information, please contact Patricia Williams, Disclosure Specialist, ID number 18-02366, 512-460-4433 or fax 512-460-4437, Internal Revenue Service, Austin Campus Disclosure Office, PO Box 2986, Mail Stop 7000 AUSC, Austin, Texas 78768. Please refer to case number 18-2002-02538.

Sincerely,

Stephanie K. Young
18-02241
Disclosure Officer
Austin Campus

06 0288

**FILED**

FEB 1 6 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

D

Ex 13

ms,
alist 18·02366
upon Disclosure Office,
lail Shop 7000 AUSC
s, 778768

IRVIN DAVIDSON
40, Pleasant Ridge Dr,
New Hempstead,
New York, 10977
11 March '03

Dear Miss Williams:

re: Irvin Davidson / JeT Financial Services / Investco
Case № 18-2002-02538

Thank you for confirming that the file in the above matter was sent to Agent Ann Paradiso of New York IRS in October, 2002 and that she would be forwarding it to the National Disclosure Office of the IRS in Washington, D.C.

I would be grateful if you would let me and/or my attorney Mr. Sercarz know when Agent Paradiso requisitioned the file. Would you also apprise me why, despite my several letters to the IRS and you personally for the material to which I am entitled under the Freedom of Information / Privacy Acts, I received no response (let alone the file), yet the same was furnished _after_ my requests, to Mrs. Paradiso? I would also be obliged if you could let me or Mr. Sercarz know the name of the person at the National Disclosure Office to whom our enquiries for the file should be addressed?

I would appreciate a prompt response to this letter. This would save us the trouble of obtaining a Court Order to ascertain answers to the above questions. Your co-operation is appreciated.

Yours sincerely,

IRVIN DAVIDSON

06·0288

FILED

FEB 16 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ID

Ex 14

Service,
osure office,
---ion Ave., NW,
Washington, D.C. 20224

IRVIN DAVIDSON
40, Pleasant Ridge Dr.
New Hempstead,
New York, 10977
11 March '03

Dear Sir / Madam,

Re: Irvin Davidson / J&T Financial Partners / Investco
Case No. 18-2002-02538

I have for some considerable time been endeavouring to obtain copies of the above referenced file, or any other material relating to myself and/or the complaint initiated by J&T Financial Partners against myself and Investco Ltd. in June/July 1994.

I have written to Patricia Williams of the Austin Disclosure Office, and understand the file is currently with you, having previously been sent to Agent Paradiso in New York in October, 2002.

Since I commenced my initial request for the said file some 3 years ago, and have been in communication with Miss Williams for 7 months, I should like the file to be forwarded to me at the above address, or to my attorney M. Sercarz, Esq. Sercarz & Riopelle, LLP, Carnegie Hall Tower, 152 W. 57 St. (24 Floor), New York, N.Y. 10019 without any further delay. My Power of Attorney granted to Mr. Sercarz was sent to Miss Williams many months ago. I look forward to receiving the file forthwith.

Yours sincerely,

IRVIN DAVIDSON

06 0288

FILED

FEB 1 6 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT



Ex 15

SERCARZ & RIOPELLE, LLP

CARNEGIE HALL TOWER
152 WEST 57ᵀᴴ STREET, 24ᵀᴴ FLOOR
NEW YORK, NEW YORK 10019

1-212-586-4900
FACSIMILE 1-212-586-1234

May 1, 2003

The Honorable Colleen McMahon
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

Re:    *United States v. Davidson, 98 CR 790 (CM)*

Your Honor:

        I write to respectfully request an order directing the government to provide the
Court and defense counsel with limited discovery necessary to the prosecution and disposition of
Irvin Davidson's motion for a new trial.

        Authority for this request can be found in the government's continuing duty to
produce exculpatory evidence within its custody and control, *see Brady v. Maryland,* 373 U.S. 83
(1963), and, by analogy, in the District Court's discretion to grant discovery upon post-
conviction applications to set aside a judgment and order a new trial. *See* Rules Governing §
2255 Proceedings for the United States District Courts, Rule 6. Further, most if not all the
requested items will qualify as Jencks material if this Court orders an evidentiary hearing on
Davidson's motion. *See* 18 U.S.C. § 3500.

        By directing the government to furnish this information now, the Court will avoid
successive motions for post-trial relief and advance the resolution of disputed issues on the
current motion. Davidson's specific requests and their factual bases are as follows:

1.    **All Files at the IRS National Disclosure Office and/or its Austin Campus**
      **Concerning the Government's Initial Investigation of the J&T Transaction**

        As the trial record shows, J&T lodged a formal complaint against Davidson and
Investco with, among many other law enforcement agencies, the Internal Revenue Service field
office in Austin, Texas. For at least three years, Davidson has been seeking through FOIA,
without success, any documents maintained by IRS Austin regarding J&T's complaint.

**06  0288**

        I have recently been informed by Patricia Williams, Disclosure Specialist, ID #
18-02366, that there is at least one additional file relating to Davidson's investigation presently
housed at the IRS National Disclosure Office in Washington, D.C. According to Ms. Williams, a

**FILED**

FEB 1 6 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

The Honorable Colleen McMahon
May 1, 2003
Page 2

file was sent from the Austin campus to an agent of law enforcement located in New York. The file was then transmitted to the National Disclosure Office. Ms. Williams would not identify the law enforcement agent who requisitioned the file. She also acknowledged in conversation that additional documents relating to the investigation might well be found under the file name "J&T." If indeed such a file exists, the IRS would not have been obliged to disclose its contents in response to a Freedom of Information request by Irvin Davidson.

Thus, it is a conceded fact that documents exist at the IRS Austin campus and/or the National Disclosure Office that may shed further light on the nature and extent of the investigation originally conducted by the government in response to the complaint by J&T's principals.

We would therefore urge the Court to direct the government to obtain all of these documents and produce them both to the Court and defense counsel. In the alternative, the Court could direct that they be produced for *in camera* review.

2.    **Copies of all Communications Relating to the Instant Investigation**
      **Between the Following Individuals and Entities:**

> IRS Agent Ann Paradiso and FBI Agent Scharlene Fox
> IRS Agent Ann Paradiso and IRS National Disclosure Office
> IRS Agent Ann Paradiso and IRS Austin Campus Disclosure Office
> IRS Agent Ann Paradiso and Davidson's adversaries (or their respective counsel) in civil litigation
> FBI Agent Scharlene Fox and Davidson's adversaries (or their respective counsel) in civil litigation

These items of correspondence would clearly constitute 3500 and/or *Brady-Giglio* material at any hearing at which Agents Fox and Paradiso are called as witnesses. Given the gross disparities between the Fox Affidavit and the Paradiso statement (*see* Exhibits B and C to Government's Answering Brief), each designed to explain the failure to produce at trial material sought in Davidson's FOIA request, a hearing at which these agents will testify seems quite likely. Alternatively, the correspondence may assist the Court in summarily resolving – without the need for a hearing – the questions surrounding the government's failure to disclose responsive documents in the FBI file despite a particularized defense request.

3.    **Documents Relating to the Role of Barclays Bank As the Delivery Agent or**
      **Issuer of $100 Million in Medium Term Notes (Eurobonds) in 1994**

We respectfully request that the Court sign the enclosed subpoena directing Barclays Bank to divulge the particulars of any 1994 transaction for the purchase of $100

The Honorable Colleen McMahon
May 1, 2003
Page 3

million worth of Eurobonds in which the bank was purportedly involved.

At trial, Joschko characterized Barclays as a mere delivery agent for the
Eurobonds. (T: 670) In the FOIA material, however, J&T repeatedly describes the bank as the
bonds' actual "Issue[r]." *See* Exhibit R; *accord* Exhibit S ("Davidson was supposed to put up
$79.9 million dollars for the purchase of medium term bank notes or paper securities **from**
Barclay's Bank in London.") [Emphasis supplied].

While the government challenges the importance of this inconsistency, it provides
no evidence that Barclays' functioned **either** as the Issuer or the Delivery Agent for the
Eurobonds. I have contacted attorneys for Barclays but they will neither confirm nor specify the
bank's role in the deal (if any) without a subpoena.

Because J&T never gave Davidson CUSIP numbers or other identifying data for
the Eurobonds, we are unable to direct the subpoena to a specific series of bonds. However, given
the bonds' face value, it is unlikely that Barclays was involved in more than a handful of
such transactions for the calendar year 1994. Accordingly, an appropriately drawn subpoena
pointing to the year the bonds were to be purchased, the parties involved and the $100 million
face amount should permit Barclays to comply with a minimum of difficulty.

Most respectfully yours,

Maurice H. Sercarz

cc:    AUSA Barbara Guss

Irvin Davidson

(ID)

Ex 16

**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

dson
Ridge Drive
ead, NY 10977

Person to Contact:
Sharon Baker
Telephone Number:
(202) 622-5159
Refer Reply to:
CL:GLD:D:F/2003-01867
Date: May 21, 2003

Dear Mr. Davidson:

This is in response to your letter dated March 11, 2003, which was faxed to our office by the law firm of Sercarz & Riopelle on March 24, 2003, for information relating J & T Financial Partners against you and Investco Ltd., in June and July 1994.

We have been advised by our Director, Communications and Education (Criminal Investigation) that your request should be transferred to the following office: Internal Revenue Service, Manhattan Disclosure Office, Attn: Disclosure Officer, 110 W 44th Street, New York, NY 10036.

No further action will be taken in this office since your request has been transferred to the above disclosure office.

Sincerely,

Sharon Baker
Tax Law Specialist
ID #50-00267
HQ Disclosure Office

Fax
1-212-719-6430

06 0288

**FILED**

FEB 1 6 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

D

Ex D

closure Office
Officer
eet
1 10036

Irvin Davidson,
40, Pleasant Ridge Dr,
New Hempstead,
New York, 10977
27 May '03

Dear Sir/Madam,

Re: JET Financial Partners Inc.,
Irvin Davidson/Investco Ltd.
Case No. 18-2002-02538

I have been endeavouring to obtain information on the above matter for over 3 years. I have met with a total lack of communication which borders (if not actually crosses) the line of deliberate obstruction of my rights.

I enclose a copy of my letter to the I.R.S. National Disclosure Office dated 11, March '03 which is self-explanatory. A response was sent by the IRS. National Disclosure Office on 21st. May '03 indicating the said file is with you.

Please send a copy of the file and any other pertinent information to me at the above address. In view of the inordinate amount of time that has elapsed, and the universal non-responsiveness encountered, please expedite this matter and furnish the information to me forthwith.

Yours sincerely,

I. DAVIDSON

06 0288

cc. M. Sercarz, Esq.
M. Fernich, Esq.

**FILED**

FEB 1 6 2006

NANCY MAYER WHITTINGTON, CLE
U.S. DISTRICT COURT

①

EX 18

IRVIN DAVIDSON
40, Pleasant Ridge Dr.
New Hempstead,
New York, 10977

11 March '03

National Disclosure Office,
111, Constitution Ave., NW,
Washington, D.C. 20224

Dear Sir / Madam,

Re: Irvin Davidson / J&T Financial Partners / Investco
Case Nº. 18-2002-02538

I have for some considerable time been endeavouring to obtain copies of the above referenced file, or any other material relating to myself and/or the complaint initiated by J&T Financial Partners against myself and Investco Ltd. in June / July 1994.

I have written to Patricia Williams of the Austin Disclosure Office, and understand the file is currently with you, having previously been sent to Agent Paradiso in New York in October, 2002.

Since I commenced my initial request for the said file some 3 years ago, and have been in communication with Miss Williams for 7 months, I should like the file to be forwarded to me at the above address, or to my attorney M. Sercarz, Esq., Sercarz & Riopelle, LLP, Carnegie Hall Tower, 152 W. 57 St. (24 Floor), New York, N.Y. 10019 without any further delay. My Power of Attorney granted to Mr. Sercarz was sent to Miss Williams many months ago. I look forward to receiving the file forthwith.

Yours sincerely,

IRVIN DAVIDSON



**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

Mr. Irvin Davidson
40 Pleasant Ridge Drive
New Hempstead, NY 10977

Person to Contact:
Sharon Baker
Telephone Number:
(202) 622-5159
Refer Reply to:
CL:GLD:D:F/2003-01867
Date: May 21, 2003

Dear Mr. Davidson:

This is in response to your letter dated March 11, 2003, which was faxed to our office by the law firm of Sercarz & Riopelle on March 24, 2003, for information relating J & T Financial Partners against you and Investco Ltd., in June and July 1994.

We have been advised by our Director, Communications and Education (Criminal Investigation) that your request should be transferred to the following office: Internal Revenue Service, Manhattan Disclosure Office, Attn: Disclosure Officer, 110 W 44th Street, New York, NY 10036.

No further action will be taken in this office since your request has been transferred to the above disclosure office.

Sincerely,

Sharon Baker
Tax Law Specialist
ID #50-00267
HQ Disclosure Office



JUL-01-2003 .15:29        U.S. ATTORNEY OFFICE.        514 993 1580    P.02/03



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*United States District Courthouse*
*300 Quarropas Street*
*White Plains, New York 10601*

July 1, 2003

**By Fax**
Maurice Sercarz
Sercarz & Riopelle
Carnegie Hall Tower
152 West 57th Street
New York, New York 10019

Dear Mr. Sercarz:

This letter is in response to your question regarding the government's review for any non-Freedom Of Information Act files pertaining to your client that may be in the possession of the Internal Revenue Service ("IRS").

The special agent assigned to this matter has reviewed the IRS's Criminal Investigation Division's nationwide database, called SIMIS, for any criminal investigation arising from the J&T transaction as set forth at trial and for the time period surrounding the date of the letter your client alleges to have sent to the IRS. The search was made for any file that may have been titled under any of the following captions: Irvin Davidson, Klaus Tschacher, Alexander Josckho, J&T Financial Partners, or the Texas Commerce Bank. The IRS's National Disclosure Office has also searched IDRS, the IRS's national database, for any matter (civil or criminal) under the same parameters. Both searches did not uncover any files that would pertain to the J&T transaction. The IRS's National Disclosure Office has also stated that the IRS stated that had there been any files covered by the FOIA requests made by your client, the IRS would have either sent copies to him or informed him of their existence but would not have sent him copies if they were created under a third party name.

*06 0288*

The IRS limited their search specifically to the transaction between J&T and the defendant because any other file the IRS may possess under any of the captions listed above, that were not associated with the trial at hand, would not relate to your client and could not produce any Brady material. In other words, if there was a civil matter between the Texas Commerce Bank and the IRS, it would not be discoverable to you. Furthermore,

**FILED**

FEB 1 6 2006

NANCY MAYER WHITTINGTON, CLERK

if there have been other criminal investigations involving your client regarding matters or transactions other than those proven at trial, it is the position of the government that those transactions cannot yield any Brady material and a search for any such files was not conducted.

As per your conversation of June 5 with Mr. Jonas, the hearing on your motion has been scheduled for July 17th at 9:00am at the federal courthouse in Manhattan. Please call either myself or Barry Jonas at (202) 514-5190 if you wish to discuss this matter further.

Sincerely,

JAMES B. COMEY
United States Attorney

By:

Barbara Guss
Assistant United States Attorney
and
Barry Jonas
Special Assistant United States Attorney
(914) 993-1903

cc: The Honorable Colleen McMahon (by hand)
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

ID.

Ex. 19

## DEPARTMENT OF THE TREASURY
### INTERNAL REVENUE SERVICE
#### WASHINGTON, D.C. 20224

AUG 26 2003

Irvin Davidson
40 Pleasant Ridge Dr.
New Hempstead, NY 10977

Dear Mr. Davidson:

This is in response to your letter dated March 11, 2003 to the Internal Revenue Service Headquarters office in which you requested copies of certain documents concerning J&T Financial Partners and yourself. Your request was directed to our office for response.

I have been advised by the Criminal Investigation office in New York that the subject of your letter will be discussed in a court hearing scheduled for September 11, 2003.

You may reach me at (212) 719-6948 between the hours of 7:00 a.m. and 3:30 p.m. if you have any questions concerning our response. Our office address is shown below:

> Internal Revenue Service
> Disclosure Office – 9th Floor
> 110 West 44th Street
> New York, NY 10036-4049

Please use reference number 13-2003-495 in any further communication concerning this matter.

Sincerely,

Jane Loughlin
Disclosure Office
ID 13-24772

06 0288

FILED

FEB 16 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*United States District Courthouse*
*300 Quarropas Street*
*White Plains, New York 10601*

November 25, 2003

**By Fax**

Brian D. Linder, Esq.
Clayman & Rosenberg
305 Madison Avenue
New York, New York 10165

Re: <u>United States v. Irvin Davidson</u>   98 CR 790 (CM)

Dear Mr. Linder:

This letter is in response to your inquiry regarding your client's request for a file or any material the Internal Revenue Service may possess specifically pertaining to a complaint that may have been filed with the IRS from J&T Financial Partners against your client and/or Investco in June or July 1994.

In June 2003, pursuant to a similar query by Mr. Davidson's prior counsel, the special agent assigned to this matter reviewed the IRS's Criminal Investigation Division's nationwide database, called CIMIS, for any criminal investigation arising from the J&T transaction. The search focused on the time period of the transaction and the alleged complaints that followed in June/July 1994 and was made pursuant to the following parameters: Irvin Davidson, Klaus Tschacher, Alexander Josckho, J&T Financial Partners, or the Texas Commerce Bank. She did not receive any positive response (i.e., "hits") to her search request.

In addition, in June 2003, a Senior Counsel with the Office of Chief Counsel (Disclosure and Privacy Law) requested that the Houston Disclosure Office direct a search of the Integrated Data Retrieval System ("IDRS"), the IRS's national taxpayer database, for any matter (civil or criminal) under the same parameters. The Disclosure Office also did not receive any positive, relevant responses (there were many civil "hits" under Texas Commerce Bank but further inquiry determined that those hits were not related to the J&T transaction). An inquiry was also made of the Houston and New York IRS offices, the offices to which the complaints would have gone, to determine if there was any material on this matter. There was none. In addition, IRS employees at the Houston office, who were employed at the office during 1994, were questioned as to

**FILED**

FEB 1 6 2006

NANCY MAYER WHITTINGTON, CLERK

their knowledge of any information pertaining to this subject matter. No one questioned had any knowledge of the matter.

Pursuant to your inquiry, a second search was recently conducted under the name Investco during the same time frame by both the New York and Houston offices. As with the others, there was no positive response. In short, the IRS has informed me that they have no information which would be responsive to your client's request or would be discoverable pursuant to a criminal matter (other than what had been provided during initial discovery). The IRS has informed me that a letter from the New York and Houston offices setting forth such will be sent to you or your client.

Please call either myself or Barbara Guss at (212) 637-2498 if you wish to discuss this matter further.

Sincerely,

JAMES B. COMEY
United States Attorney

By:

Barry Jones
Special Assistant United States Attorney
and
Barbara Guss
Assistant United States Attorney
(202)514-5190

cc: The Honorable Colleen McMahon

*13*



# DEPARTMENT OF THE TREASURY
## INTERNAL REVENUE SERVICE
### WASHINGTON, D.C. 20224

DEC 0 2 2003

~~B.... D. Linder, Esq.~~
c/o Clayman & Rosenberg
305 Madison Avenue
New York, New York 10165

Dear Mr. Linder:

You have requested that the Internal Revenue Service conduct a search of its
files for any files regarding your client, Irvin Davidson, in relation to his 1999
conviction for tax and money laundering crimes. Mr. Davidson believes that the
Service initiated an investigation of a number of entities as a result of
correspondence received from Mr. Davidson in July, 1994, and that these
entities: Klaus Tschacher, Alexander Joschko, J&T Financial Partners, Inc., Irvin
Davidson, or Texas Commerce Bank, are liable, rather than Davidson.

Pursuant to that request we conducted an exhaustive search of the Service files,
including the Integrated Data Retrieval System (IDRS), for any information that
might be connected with Mr. Davison's correspondence in 1994. The search
was conducted on June 5 and 6, 2003. We found no information that might be
responsive to your request for exculpatory information.

This information is furnished pursuant to the findings of the court in *Brady v.
Maryland*, 373 U.S. 83 (1963) which created a constitutional right to exculpatory
evidence based on the due process clause.

This concludes our response to your request for information. If you have any
questions, please contact the Disclosure Office at (512) 499-5030.
Correspondence can be mailed to our office at 300 E. 8ᵗʰ Street, Mail Stop 7000
AUS, Austin, Texas 78701 or faxed to (512) 499-5848.

Sincerely,

*Mitzi Patiño Eastman*

Mitzi Patiño Eastman
Badge Number 74-20125
Disclosure Officer, Austin
Governmental Liaison and Disclosure

06 0288

FILED

FEB 1 6 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ID

Ex.22

DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

DEC 0 2 2003

c/o Clayman & Rosenberg
305 Madison Avenue
New York, New York 10165

Dear Mr. Linder:

You have requested that the Internal Revenue Service conduct a search of its
files for any files regarding your client, Irvin Davidson, in relation to his 1999
conviction for tax and money laundering crimes. Mr. Davidson believes that the
Service initiated an investigation of a number of entities as a result of
correspondence received from Mr. Davidson in July, 1994, and that these entities
are liable, rather than Davidson.

Pursuant to that request, I asked that Special Agent Ann Paradiso advise me       *it's not*
whether her file included any Internal Revenue Service documents, created in      *her file*
response to Mr. Davidson's 1994 correspondence about any of the entities or       *that's the*
individuals identified in the July, 1994 letter as referenced in the court's verbal   *issue*
*Brady* order, which would qualify as exculpatory information relating to Irvin
Davidson. On December 1, 2003, Special Agent Paradiso advised me that <u>her</u>
<u>file</u> relating to the criminal investigation of Irvin Davidson did not include any such   *was cruly*
documents. *what about Tracy file ?!! Did Parad. get*          *present*
                                                              *to Parad.*
This information is furnished pursuant to the findings of the court in *Brady v.*   *by Tracy*
*Maryland*, 373 U.S. 83 (1963) which created a constitutional right to exculpatory   *Cparso*
evidence based on the due process clause.

This concludes our response. If you have any questions, please contact the
Disclosure Office at (212) 719-6948. Correspondence can be mailed to our
office at Internal Revenue Service, Disclosure Office 9th Floor, 110 West 44th   **06 0288**
Street, NY, NY 10036-4049.

Sincerely,

*Jce*

Jane Loughlin                                               *what about*
Badge Number 13-24772                                      *Maureen*
Disclosure Officer, Manhattan                              *Sepporo*
Governmental Liaison and Disclosure **FILED**

FEB 1 6 2006

(1)

Ex-23

LAW OFFICES
## CLAYMAN & ROSENBERG

305 MADISON AVENUE

NEW YORK, NEW YORK 10165

(212) 922-1080

FAX: (212) 949-8255

THOMAS C. ROTKO
EDEN L. ROHRER
COUNSEL

SETH L. ROSENBERG
BRIAN D. LINDER
AMY E. MILLARD
PAUL S. HUGEL

December 4, 2003

**BY FAX (212-637-2615)**

Barbara Guss, Esq.
Assistant United States Attorney
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007

Re:     *United States v. Davidson*, 99 Cr. 790 (CM)

Dear Ms. Guss:

In its May 30 order, the Court directed the government to "produce 3500 and *Brady/Giglio* material" to defense counsel prior to the evidentiary hearing on Mr. Davidson's Rule 33 motion, now set for December 16, 2003. I write, per that directive, to supplement the government's general disclosure obligations with a number of specific discovery requests on Mr. Davidson's behalf. I also address an additional issue concerning the upcoming hearing.

### 3500 MATERIAL

Please provide, without limitation, the following:

1.      Agent Paradiso's grand jury testimony regarding the alleged "Eurobond" transaction between Mr. Davidson/Investco and J&T Financial Partners (hereafter, the "J&T Transaction").

2.      All memos or notes relating to communications by Agent Paradiso with non-government personnel regarding the J&T Transaction, Texas Commerce Bank ("TCB"), Interlotto and related matters. This request includes, but is not limited to, communications with Mr. Davidson's adversaries or potential adversaries in civil litigation, *e.g.*, Messrs. Redish, Feinstein, Galdi, Joschko, Tschacher and their respective counsel. This request also includes, *inter alia*, any

**06 0288**

**FILED**

FEB 1 6 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

AUSA Barbara Guss
December 4, 2003
Page 2

notes taken by Agent Paradiso – handwritten, typed or otherwise – concerning, reflecting or memorializing such communications.[1]  *Subpoena Gabi etc.*

3. All memos or notes relating to communications by Agent Paradiso with law enforcement agents and other government personnel concerning the J&T Transaction, TCB, Interlotto and related matters. This request includes, without limitation, communications with Agent Fox and other FBI agents, wherever located. It also includes, *inter alia*, communications with fellow IRS, Secret Service and Treasury agents, whether located in Texas, New York or elsewhere. This request further includes, but is not limited to, any notes taken by Agent Paradiso – handwritten, typed or otherwise – concerning, reflecting or memorializing such communications.[2]

4. Agent Paradiso's Special Agent's Report and other internal memoranda insofar as they discuss the J&T Transaction, TCB, Interlotto and/or related matters, and also including efforts to obtain government files relating to these matters.

5. All memos or notes relating to communications by Agent Fox with Agent Paradiso – or any other IRS, government or law enforcement personnel – concerning requests for information as to the J&T Transaction, Mr. Davidson, Investco, Messrs. Joschko and Tschacher, TCB, Interlotto or related entities and matters. This request includes, *inter alia*, any notes taken by Agent Fox – handwritten, typed or otherwise – concerning, reflecting or memorializing such communications.[3]

6. To the extent not contained in the FOIA material previously produced, all communications by Agent Fox with government and non-government personnel – including, without limitation, TCB, its agents, employees, representatives and counsel – concerning the J&T Transaction, Mr. Davidson, Investco and/or Messrs. Joschko and Tschacher. This request includes, *inter alia*, any notes taken by Agent Fox – handwritten, typed or otherwise – concerning, reflecting or memorializing such communications.[4]

---

[1] To the extent that such notes do not fall within the Jencks Act, but nevertheless may suggest investigative bias or motive on Agent Paradiso's part, please construe this aspect of the request as a *Giglio* demand.

[2] To the extent that such notes do not fall within the Jencks Act, but nevertheless may contain exculpatory or impeachment evidence, please construe this aspect of the request as a *Brady/Giglio* demand.

[3] *See supra* n.2.

[4] *See supra* n.2.

AUSA Barbara Guss
December 4, 2003
Page 3

### BRADY/GIGLIO MATERIAL

*Is Klee J lest. of Tschacher?* (handwritten)

    Pursuant to the Court's May 30 order and the government's *Brady/Giglio* obligations, we ask that you kindly review Mr. Tschacher's grand jury testimony for any inconsistencies with Mr. Joschko's trial testimony concerning subjects (B)(1)-(7) as set forth at pages 13-23 of our memorandum of law dated November 4, 2002. If such discrepancies exist, please provide the relevant grand jury excerpts, as they may impact the materiality of the undisclosed evidence.

### OUTSTANDING FOIA REQUESTS TO IRS

    At trial, Mr. Joschko testified – and documentary evidence showed – that he and Mr. Tschacher contemporaneously complained to the IRS regarding Mr. Davidson's conduct in connection with the J&T transaction. As you know, Mr. Davidson has long been trying, without success, to obtain the contents of any IRS file(s) opened in response to J&T's complaint(s). Despite more than three years of effort, including numerous written FOIA requests and telephone conversations with IRS disclosure officers, however, the IRS has failed to respond to Mr. Davidson at all.

    In recent telephone conversations with me, followed by a comprehensive November 25 letter (*see* Exhibit A), Mr. Jonas commendably sought to put this issue to rest. In substance, his letter states that he has been advised that the IRS thoroughly searched its records and found no responsive documents concerning J&T, TCB or Messrs. Davidson, Joschko or Tschacher (collectively, the "Named Parties"). Mr. Jonas' letter adds that IRS itself would confirm as much in writing.

    As Mr. Jonas promised, we just received two similar letters from IRS Houston and New York, both dated December 2. (*See* Exhibits B and C.) Notwithstanding Mr. Jonas' diligent attempts to resolve this matter, which we greatly appreciate, those letters are regrettably insufficient. Specifically, they mischaracterize Mr. Davidson's repeated FOIA requests as demands for exculpatory *Brady* information concerning the Named Parties, and purport to state that no such information exists. Mr. Davidson, however, did not request exculpatory *Brady* information. What he seeks – and what Mr. Jonas endeavored to obtain – are documents responsive to his FOIA requests, or written representations that the IRS has no such documents. It is for defense counsel, **not** IRS "Disclosure Officer[s]," to analyze any responsive documents for potential exculpatory value.

    In view of the foregoing, I must renew our demand for immediate IRS compliance with Mr. Davidson's FOIA requests or, alternatively, written representations as to the absence of responsive documents concerning the Named Parties. If IRS cannot produce the responsive documents or provide such representations reasonably ahead of the impending hearing, please ensure that the officials responsible for handling Mr. Davidson's FOIA requests – including, without limitation, Patricia Williams, Mitzi Patino Eastman and Jane Loughlin – are available to testify on December

*Hitchcock a agent* (handwritten)

AUSA Barbara Guss
December 4, 2003
Page 4

16. *See* May 30 order, at 1 (any witnesses who "may have pertinent information" about "Government efforts to retrieve materials relating to Mr. Joschko's complaint and any ensuing investigation" should be "prepared to testify about those efforts in detail").

Feel free to contact me if you wish to discuss these issues further. Thank you for your attention and prompt cooperation.

Very truly yours,

Brian D. Linder

Enclosures

cc:    Special AUSA Barry Jonas
       Hon. Colleen McMahon
       Irvin Davidson
       Marc Fernich, Esq.

Ex. 24

DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

DEC 1 1 2003

...... Rosenberg
305 Madison Avenue
New York, New York 10165

Dear Mr. Linder:

The U.S District Court for the Southern District of New York has directed the Internal Revenue Service to conduct a search of its files for any records regarding your client, Irvin Davidson, in relation to his 1999 conviction for tax and money laundering crimes. Mr. Davidson has raised post-trial motions that his conviction should be overturned because the government may have withheld exculpatory or impeachment information in violation of *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 105 (1972). Mr. Davidson believes that the Service initiated an investigation of a number of entities as a result of correspondence received from Mr. Davidson in July, 1994, and that these entities are liable, rather than Mr. Davidson.

Pursuant to that order I asked Special Agent Paradiso to advise me whether her file included any Internal Revenue Service documents, created in response to Mr. Davidson's 1994 correspondence, about any of the entities or individuals identified in Mr. Davidson's letter to the Internal Revenue Service dated July 19, 1994. On December 1, 2003, Special Agent Paradiso advised me that her file relating to the criminal investigation of Irvin Davidson did not include any such documents.

This concludes our response. If you have any questions, please contact the Disclosure Office at Internal Revenue Service, Disclosure Office 9th Floor, 110 West 44th Street, NY, NY 10036-4049. Correspondence can be mailed to our office at Internal Revenue Service, Disclosure Office 9th Floor, 110 West 44th Street, NY, NY 10036-4049.

Sincerely,

Jane Loughlin
Badge Number 13-24772
Disclosure Officer, Manhattan
Governmental Liaison and Disclosure

06 0288
06 0288

FILED

FEB 1 6 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

DEC 1 2 2003

Ex. 25

~~CUB M.~~ ...~~ue~~
New York, New York 10165

Dear Mr. Linder:

The U.S District Court for the Southern District of New York has directed the Internal Revenue Service to conduct a search of its files for any records regarding your client, Irvin Davidson, in relation to his 1999 conviction for tax and money laundering crimes. Mr. Davidson has raised post-trial motions that his conviction should be overturned because the government may have withheld exculpatory or impeachment information in violation of *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 105 (1972). Mr. Davidson believes that the Service initiated an investigation of a number of individuals and entities including Klaus Tschacher, Alexander Joschko, J&T Financial Partners, Inc., Irvin Davidson, Texas Commerce Bank or Investco as a result of correspondence received from Mr. Davidson in July, 1994, and that these entities are liable, rather than Mr. Davidson.

Pursuant to that order we conducted an exhaustive search of the Service files, including the Integrated Data Retrieval System (IDRS), for any information that might be connected with Mr. Davison's correspondence in 1994. I also requested the assistance of IRS employees in Houston, Texas to provide additional assistance with the research. The search was conducted on June 5 and 6, and November 25, 2003.

The Service has located no record of any investigation of Klaus Tschacher, Alexander Joschko, J&T Financial Partners, Inc., Irvin Davidson, Texas Commerce Bank or Investco that was initiated as a result of the letter Mr. Davidson wrote to the Service in July, 1994.

This concludes our response. If you have any questions, please contact the Disclosure Office at (512) 499-5030. Correspondence can be mailed to our office at 300 E. 8th Street, Mail Stop 7000 AUS, Austin, Texas 78701 or faxed to (512) 499-5848.

Sincerely,

Mitzi Patiño Eastman
Badge Number 74-20125
Disclosure Officer, Austin
Governmental Liaison and Disclosure

06 0288

06 0288

FILED

FEB 1 6 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT