IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| IRVIN DAVIDSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No: 1:06-cv-00288-GK |
| | ) |
| INTERNAL REVENUE SERVICE, | ) |
| | ) |
| Defendant. | ) |

## INTERNAL REVENUE SERVICE'S MOTION TO DISMISS COMPLAINT

The Internal Revenue Service moves under Fed. R. Civ. P. 12(b), to dismiss plaintiff's complaint. As grounds for this motion, the Internal Revenue Service submits that plaintiff failed to properly serve the United States. A memorandum of points and authorities in support of this motion and a proposed order are also submitted.

DATE: March 5, 2007.    Respectfully submitted,

   /s/ Pat S. Genis
PAT S. GENIS, #446244
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC 20044
Tel./FAX: (202) 307-6390/614-6866
Email: pat.genis@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

2281947.1

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| IRVIN DAVIDSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No: 1:06-cv-00288-GK |
| ) | |
| INTERNAL REVENUE SERVICE, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM IN SUPPORT OF INTERNAL REVENUE SERVICE'S
MOTION TO DISMISS COMPLAINT**

This is a Freedom of Information Act (FOIA) suit in which plaintiff alleges that the Internal Revenue Service failed to respond to his FOIA request.

QUESTION PRESENTED

Plaintiff, himself, attempted to serve the United States by sending a copy of the summons and complaint by express international mail to the United States Attorney for the District of Columbia. The Attorney General and the Internal Revenue Service have no record of service. The Federal Rules of Civil Procedure require that the United States be served by certified or registered mail and by a non-party. Does this Court lack jurisdiction over the United States under these circumstances?

STATEMENT

1. <u>Introduction & Background</u>. Plaintiff, Irvin Davidson, filed this complaint on February 16, 2006. (Dkt. #1.) Summonses were issued as to the Internal Revenue Service, U.S. Attorney General and U.S. Attorney on February 16, 2006. (Dkt. #1.) On June 15, 2006, the Court ordered plaintiff to show cause why his complaint should not

be dismissed for failure to prosecute. (Dkt. #2.) Plaintiff responded on July 14, 2006. (Dkt. #3.) On September 8, 2006, the Court issued an order giving plaintiff an additional 120 days, or until January 4, 2007, to effect service of process on the defendant; and stating that if plaintiff failed to effect service, his complaint would be dismissed without prejudice. (Dkt. #4.) Plaintiff filed a notice of certificate of service on January 8, 2007, certifying that on December 14, 2006 he served the United States Attorney for the District of Columbia and the Attorney General by express international mail, and that on December 19, 2006, he served the "Director of the Internal Revenue Service." (Dkt. # 5.) The certificates of service were signed by Irvin Davidson. The United States Attorney for the District of Columbia was served by express international mail on January 4, 2007; the Attorney General and the Internal Revenue Service have not been served.

     2. <u>Allegations and relief sought in the complaint</u>. Plaintiff alleges that "in or about January 2000," he made his initial request for the Internal Revenue Service to send him documents, records and information about the years 1994, 1995 and 1996. (Compl. ¶¶ 5 & 4.) He states that the Internal Revenue Service did not respond to his FOIA request until 2002 (compl. ¶ 5), and that he has never received a "substantive reply responsive" to his numerous FOIA request. (Compl. ¶¶ 6 & 9.) Plaintiff seeks an order enjoining the Internal Revenue Service from withholding documents, compelling it to produce documents, and requiring it to make a written statement stating whether documents responsive to his FOIA request ever existed, what happened to said

documents, and what disposition was made of such documents.  (Compl. ¶ 13 (a)-(c).) Plaintiff also seeks unspecified sanctions, costs and an expedited lawsuit.

## ARGUMENT

### THIS COURT LACKS JURISDICTION OVER THE UNITED STATES BECAUSE PLAINTIFF FAILED TO PROPERLY SERVE THE UNITED STATES

Under Fed. R. Civ. P. 4(c)(2), service of a summons and complaint "may be effected by any person *who is not a party*."  (Emphasis added.)  Conversely, a party to litigation may not serve the summons and complaint.  Service of initial process *by a party to the action* is insufficient service.  *See, e.g., Otto v. United* States, 2006 WL 2270399, *2 (D.D.C. 2006) (Rule 4(i) may govern *how* service may be effected in a suit against the United States, it does not change Rule 4(c)(2)'s requirements governing *who* may effect service") (citing *Bernard v. IRS*, 1991 WL 327960,  *3 (N.D. Fl. 1991); *Herman v. Comm'r of Internal Revenue Service*, 1990 WL 10023593, *1 (C.D. Cal. 1990); *Perkel v. United States*, 2001 WL 8964, *1 (N.D. Cal. 2001)).

Under rule 4(i), the United States must be served by:  (1) delivering a copy of the summons and complaint to the United States attorney for the district in which the action is brought, or by sending a copy of the summons and complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney; and (2) by sending a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and (3) by sending a copy of the summons and complaint by registered or certified mail to the officer, employee and/or agency of the United States being sued. Fed. R. Civ. P. 4(i);

2281947.1                                        3

*Relf v. Gasch*, 511 F.2d 804 (D.C. Cir. 1975); *Hodge v. Rostker*, 501 F.Supp. 332, 332 (D.D.C. 1980).

Failure to properly serve the United States deprives the Court of personal jurisdiction, leaving the Court with no power to compel an answer or response. *Rabiolo v. Weinstein*, 357 F. 2d 167, 168 (7th Cir. 1966); *see also Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 715 n.6 (1982) (Powell, J. concurring). A jurisdictional defect of this sort is fatal to maintenance of an action. *Bland v. Britt*, 271 F.2d 193 (4th Cir. 1959). Accordingly, courts routinely dismiss actions when service is improper. *See Light v. Wolf*, 816 F. 2d 746, 750 (D.C. Cir. 1987). Once a defendant challenges the sufficiency of service of process, the party alleging adequate service of process has the burden of proving that such service was proper. *See Myers v. American Dental Ass'n*, 695 F. 2d 716, 725 n.10 (3d Cir. 1982); *Familia De Boom v. Arosa Mercantil, S.A.*, 629 F. 2d 1134, 1139 (5th Cir. 1980).

In this case, plaintiff's certificate of service asserts that he, himself, sent the summons and complaint to the United States Attorney for the District of Columbia, the Attorney General, and the Internal Revenue Service by express international mail. Irvin Davidson is, of course, a party to this action, and thus cannot properly serve the summonses. In addition, the United States Attorney for the District of Columbia was served on January 4, 2007, and not in December 2006 as stated on the certification; and neither the Attorney General nor the Internal Revenue Service has any record that they were served at all. Moreover, service is ineffective also because it was not served by

registered or certified mail as required. Accordingly, since plaintiff failed to properly serve the United States, his complaint must be dismissed.

DATE: March 5, 2007.                Respectfully submitted,

                /s/ Pat S. Genis
PAT S. GENIS, #446244
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044
Tel./FAX:  (202) 307-6390/614-6866
Email: pat.genis@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the Internal Revenue Service's MOTION TO DISMISS COMPLAINT and proposed ORDER were served upon plaintiff *pro se* on March 5, 2007 by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

>Irvin Davidson
>*Plaintiff pro se*
>c/o J. Mitchell
>443 Greenwich Street, Suite 6E
>New York, NY 10013

>/s/ Pat S. Genis
>PAT S. GENIS, #446244